IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT J. GUZZI,

    Plaintiff,

v.                                        Civil Action No. 1:07CV60
                                                        (STAMP)
CLARKSBURG WATER BOARD,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO DISMISS ANY EXISTING DISABILITY
OR AGE DISCRIMINATION CLAIMS AND TO REMAND,
DENYING DEFENDANT'S MOTION TO EXTEND DEADLINE,
AND DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT**

I.  Procedural History

Plaintiff Robert J. Guzzi filed this civil action in the Circuit Court of Harrison County, West Virginia, and the defendant Clarksburg Water Board ("Board") removed the action to this Court on the basis of federal question jurisdiction. Thereafter, the plaintiff filed a "Motion to Dismiss any Existing Disability or Age Discrimination Claims and Remand the Matter to State Court" to which the Board filed a response in opposition. The Board subsequently filed a motion for extension of time to disclose expert witnesses, a motion for summary judgment and a motion for leave to exceed page limit. The motion for summary judgment is fully briefed.

This Court has reviewed the applicable law and the memoranda in support of and in opposition to the pending motion to dismiss and to remand. This Court finds that plaintiff's motion to remand

should be granted. Accordingly, the defendant's motions for extension of time and summary judgment should be denied as moot.

II. Facts

A complete recitation of the facts is not necessary for the resolution of the pending motion. However, the following facts as stated in the complaint are relevant to the issues raised in the motion. The plaintiff has been employed by the Board for approximately twenty-two years. Since 2003, the plaintiff has been employed in the capacity of a Cross-Connection and Backflow Prevention Specialist ("CCBP"). As a CCBP, the plaintiff's duties involve inspection, letter-writing, advising water customers, and post-modification inspection to ensure compliance with federal law, the Code of State Regulations and municipal ordinance. In 2006, the plaintiff informed the West Virginia Department of Heath and Human Services and the City of Clarksburg that the Board was not allowing him to take the necessary actions to perform his job duties. The plaintiff alleges that he was reprimanded by the Board for communicating with the State and City authorities. The plaintiff further alleges that the Board has thwarted his efforts to perform his job in an attempt to cause him to quit. For example, the plaintiff alleges that the Board, knowing he is an "older person" and "disabled person" as defined by federal and state law, including the Americans with Disabilities Act and the West Virginia Human Rights Act, has "isolated him in a section of the facilities where he must ascend Twenty-Two (22) steps to his

assigned office . . . ." The plaintiff alleges that he has suffered physical pain and emotional injuries as a result of the Board's treatment of him.

### III. Applicable Law

This Court first notes that it is well-established that the burden of establishing federal jurisdiction is placed upon the party seeking removal. Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921). Because removal jurisdiction raises significant federalism concerns, courts strictly construe removal jurisdiction. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). If federal jurisdiction is doubtful, a remand is necessary. See Mulcahey v. Columbia Organic Chemical Co, Inc., 29 F.3d 148 (4th Cir. 1994).

Title 28, United States Code, Section 1331 provides that district courts have original jurisdiction over "all civil actions arising under Constitution, laws, or treaties of the United States." Generally, when determining the existence of subject matter jurisdiction, courts are limited to considering only those claims made upon the face of the complaint. "With limited exceptions . . . federal subject matter jurisdiction exists only in those actions in which a federal question appears on the face of the complaint -- or would have appeared on the face of a well-pleaded complaint." Wisconsin v. Missionaries to the Preborn, 796 F. Supp. 389, 390 (E.D. Wis. 1992); see also Gully v. First Nat. Bank, 299 U.S. 109, 112 (1936); see e.g., Marshall v. Manville

Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); Scott v. Greiner, 858 F. Supp. 607, 610 (S.D. W. Va. 1994). The Supreme Court has noted that the "well-pleaded complaint" rule governs the existence of federal question jurisdiction and that a plaintiff may avoid federal jurisdiction by relying exclusively on state law. Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987). Other courts have noted that the "well-pleaded complaint rule is designed to protect the plaintiff from a defendant reading a cause of action into a complaint where none is stated . . . . The rule is designed to allow the plaintiff the right to chose the forum." Spaulding v. Mingo Co. Bd. of Educ., 897 F. Supp. 284, 287 (S.D. W. Va. 1995).

For a complaint to support federal question jurisdiction, a right created by federal law must be an essential element of plaintiff's cause of action and . . . must appear on the face of the 'well-pleaded complaint,' unaided by the answer or petition for removal." First Nat'l Bank of Aberdeen v. Aberdeen Nat'l Bank, 627 F.2d 843, 849 (8th Cir. 1980). "[T]he complaint . . . must contain allegations 'affirmatively and distinctly' establishing federal grounds, 'not in mere assertion, but in essence and effect.'" Spaulding, 897 F. Supp. at 287 (quoting Burgess v. Charlottesville Savings & Loan Assoc., 477 F.2d 40, 43 (4th Cir. 1973)). A defense predicated upon federal law is insufficient to confer federal question jurisdiction. Madison v. Prudential Federal Savings & Loan Assoc., 635 F.2d 797, 800-01 (10th Cir. 1980), cert. denied, 451 U.S. 1018 (1981). Further, a case is not removable "simply

because the factual allegations of the complaint could have formed the basis for reliance on federal law . . . ." Spaulding, 897 F. Supp. at 287-88. A plaintiff is the master of his or her complaint, and federal jurisdiction cannot be forced upon a plaintiff absent an evident federal claim in the complaint. See Allied-Signal, 985 F.2d at 911 (courts should presume that plaintiff may chose his or her own forum); see also Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 810 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.")

## IV. Discussion

The Board removed the instant action to this Court based on the allegations in paragraph 33 of the plaintiff's complaint, in which the plaintiff alleges that he is an "older person" and a "disabled person" as defined by federal and state law, including the Americans with Disabilities Act ("ADA"). Specifically, the Board contends that, in paragraph 33, the plaintiff asserts claims arising under the ADA and the Age Discrimination in Employment Act as a result of alleged discriminatory practices based on physical disability and age. The plaintiff argues that this case should be remanded because he does not assert any federal claims. Rather, the plaintiff contends that he is making a "whistleblower" claim under state law and that the references in paragraph 33 to his age and disability are merely factual allegations of status. This Court agrees.

A close reading of the complaint reveals that the plaintiff does not base his "whistleblower" claim upon an accusation that the defendant did, in fact, violate federal law as to him. Rather, the plaintiff's claim is grounded upon the allegation that the defendant acted negatively against him because he reported violations of federal, state and/or local law which he believed had occurred. This Court finds that the plaintiff's reference to federal law in a single paragraph of his complaint does not raise a federal claim. Further, to the extent that the plaintiff asserts age and disability discrimination claims arising under state law, the ADA and the ADEA would not completely preempt such claims. <u>Musson Theatrical, Inc. v. Federal Exp. Corp.</u>, 89 F.3d 1244 (6th Cir. 1996)(complete preemption does not apply to the ADA); <u>Kroske v. U.S. Bank Corp.</u>, 432 F.3d 976, 988 (9th Cir. 2005) ("[T]he ADEA disclaim[s] any preeemptive effect on state laws.") (citing 29 U.S.C. § 633(a)). Accordingly, because no federal question exists in this action, the plaintiff's motion to remand is granted.

V. <u>Conclusion</u>

For the above-stated reasons, the plaintiff's motion to dismiss any existing disability or age discrimination claims and remand the matter to state court is GRANTED IN PART and DENIED IN PART. Specifically, because this Court finds that it lacks jurisdiction in this case, the plaintiff's request for remand is GRANTED and his motion to dismiss is DENIED WITHOUT PREJUDICE as moot. Additionally, the defendant's motion for summary judgment,

6

motion to extend deadline for disclosing expert witness and any discovery related thereto, and motion for leave to exceed page limit are DENIED WITHOUT PREJUDICE as moot because this Court does not have jurisdiction to consider them.  This civil action is hereby REMANDED to the Circuit Court of Harrison County, West Virginia.  This case is DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein and to the Clerk of the Circuit Court of Harrison County, West Virginia.

DATED:    April 3, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE